## EZRA ALLEN vs. JOSIAH DUNN.

Where two persons are conducting business in such manner, that they may be holden as partners to third persons, dealing with them as such, but where as between themselves no partnership in fact exists ; goods put into the business purchased by one in his own name and with his own funds cannot be holden to pay a private debt of the other, contracted in his own name, and entirely unconnected with the business.

THIS was an action of trespass against the defendant, as Sheriff of the 'county, for the acts of one *Gower*, as his deputy, in taking a quantity of goods, alleged to be the property of the plaintiff. The defence was, that the goods were legally attached by *Gower* on a writ in favor of *Stimpson & Emery*, against *Asa Lawrence, W. Demmon* and *W. S. Roberts*. The plaintiff proved, that the goods in controversy were originally his property, or purchased in *Boston* on his credit, and consigned to *Lawrence* for sale in *Portland*, on the terms mentioned in a written agreement between them. The defendant contended, that by this agreement the goods were owned in partnership by the plaintiff and *Lawrence*. The material parts of the agreement are stated in the opinion of the Court. The trial was before EMERY J. who, for the purpose of the trial, in order to ascertain the damages, instructed the jury, that the articles of agreement did not constitute a partnership between the plaintiff and *Lawrence*. The verdict for the plaintiff was to be set aside, if this instruction was erroneous.

*Daveis* and *Kinsman*, for the defendant, contended, that there was under this agreement a partnership between *Allen* and *Lawrence*, both as it respected themselves and third persons ; and cited *Waugh* v. *Carver*, 2 *H. Black.* 235 ; *Cheap* v. *Cramond*, 4 *Barn. & Ald.* 663 ; *Hesketh* v. *Blanchard*, 4 *East*, 144 ; *Smith* v. *Watson*, 2 *B. & Cres.* 401 ; 17 *Vesey*, 404 ; *Gow on Part.* 12 and 47 ; *Miller* v. *Bartlett*, 15 *Sergt. & R.* 137 ; *Purviance* v. *McClintee*, 6 *Sergt. & R.* 259 ; 3 *Har. & J.* 505 ; 2 *Har. & Gill*, 295 ; *Dob* v. *Halsey*, 16 *Johns. R.* 34 ; *Musier* v. *Trumpbour*, 5 *Wend.* 274 ; *Bailey* v. *Clark*, 6 *Pick.* 372 ; *Peacock* v. *Peacock*, 16 *Vesey*, 49 ; *Reid* v. *Hollinshead*, 4 *B. & Cres.* 878 ; *Smith* v. *DeSylva*, *Cowper*, 471 ; *Doak* v. *Swann*, 8 *Greenl.* 170 ; *Smith* v. *Jones*, 3 *Fairf.* 332 ; *Walden* v. *Sherburne*, 15

Allon *v.* Dunn.

*Johns. R.* 409 ; *Turner* v. *Bissell*, 14 *Pick.* 192 ; 1 *Rose*, 89 ; *Bloxam* v. *Pell*, 2 *Wm. Black.* 999 ; *Ferry* v. *Henry*, 4 *Pick.* 75 ; *Collyer on Part.* 7, 8, 14, 43, 47, 50, 84, 91.

*Deblois*, with whom was *S. Fessenden, Codman & Fox*, for the plaintiff, contended, that the true question in this case was, whether this property was liable to be taken to pay the private debts of *Lawrence.* The instruction of the Judge must have been predicated upon the whole case, which shows, that the demand on which the attachment was made was the mere private debt of *Lawrence*, was not contracted in the partnership name, and had no concern with the partnership, if there was one. Under the agreement, *Lawrence* could not hold the goods against *Allen*, nor can his private creditors. The partnership effects are liable to pay the individual debts of one partner only so far, as he has an interest in them, and *Lawrence* has no interest whatever in this property. *Hesketh* v. *Blanchard*, 4 *East*, 144 ; *Gow on Part.* 12, 18 ; 3 *Kent's Com.* 34 ; *Smith* v. *Jones*, 3 *Fairf.* 332 ; *Dixon* v. *Cooper*, 3 *Wils.* 40 ; *Cheap* v. *Cramond*, 4 *B. & A.* 663 ; *Benjamin* v. *Porteous*, 2 *H. Black.* 590 ; *Dry* v. *Boswell*, 1 *Camp.* 330 ; *Wilkinson* v. *Frazier*, 4 *Esp. R.* 182 ; *Muzzy* v. *Whitney*, 10 *Johns. R.* 226 ; *Smith* v. *Watson*, 2 *B. & Cres.* 401 ; *Mair* v. *Glennie*, 4 *M. & S.* 240 ; *Baxter* v. *Rodman*, 3 *Pick.* 435 ; *Thompson* v. *Snow*, 4 *Greenl.* 264 ; *Meyer* v. *Sharpe*, 5 *Taunt.* 74 ; *Ross* v. *Drinker*, 2 *Hall*, 415 ; *Bailey* v. *Clarke*, 6 *Pick.* 372 ; *Rice* v. *Austin*, 17 *Mass. R.* 206 ; *Collyer on Part.* 14 ; *Miller* v. *Bartlett*, 15 *Sergt. & R.* 137 ; *Waugh* v. *Carver*, 2 *H. Black.* 235 ; *Post* v. *Kimberly*, 9 *Johns. R.* 470 ; *Saville* v. *Robertson*, 4 *T. R.* 720. The lien of *Lawrence* upon the goods to insure payment for his services was perfectly consistent with *Allen's* ownership of the property. *Newhall* v. *Vargas*, 13 *Maine R.* 93.

After a continuance for advisement, the opinion of the Court was drawn up by

WESTON C. J. — There was such a connection and communion of profits, between the plaintiff and *Lawrence*, that they might have been held as partners as to third persons, dealing with them as such. But between themselves, we are of opinion, that they can-

not be so regarded. The relation of the parties with each other, depended upon their agreement, which is very precise and definite in its terms. *Lawrence* was employed to sell goods in *Portland,* for the space of two years, on the plaintiff's account. The goods were to be furnished by the plaintiff, from his own stock, or purchased by him elsewhere. As a compensation, and to quicken his zeal, in promoting the plaintiff's interest, " in the sale of said goods," the plaintiff agreed " to pay to said *Lawrence,* from time to time as a compensation," such sum or sums, as should be equal to half the profits of the business, so conducted by said *Lawrence,* " in behalf" of the plaintiff, *Lawrence* was to have a lien upon the goods for his part of the profits, and at the end of the two years, was to pur-case of the plaintiff one half of such, as might remain on hand. But if any loss was made in the business, it was to be sustained by *Lawrence.*

The plaintiff was the principal and owner *of the goods.* He never parted with his title to them, but reserved it expressly, paying to *Lawrence* a portion of the profits, for selling the goods on his account. If it be possible, by any mode or form of stipulation, to pay for services in the sale of goods, by a portion of the profits, without constituting the parties partners, as between themselves, it was done here, such being their plain and manifest intention. If it was an artful contrivance, to carry on business jointly, and at the same time to put the common property out of the reach of creditors, dealing with either of them *bona fide,* as the partner of the other, it could not legally be permitted to have this effect. But no question of fraud is raised or presented, The goods were not to be purchased by *Lawrence,* and afterwards to become the property of the plaintiff, which might have a tendency to defraud the creditors of the former ; but they were to be purchased by the plaintiff, to remain his property, and as such liable to his creditors,

The plaintiff had nothing to gain, to the prejudice of those, who might have claims upon *Lawrence.* His ability to fulfil his engagements might be aided, but were not impaired, by the contract he made with the plaintiff, who gave him employment, and a fair compensation for his services. But the plaintiff run the hazard of being held answerable to third persons, who might have dealt with *Lawrence* as his partner.

Allen *v.* Dunn.

It has been repeatedly held, that this kind of compensation, given to another for his trouble in regard to goods, or other business, in which he engages for his employer, does not make the parties partners between themselves, and in certain cases, not even as to third persons. 3 *Kent*, 11, and the cases there cited. This has been settled and established in *England* by a series of decisions ; although in *ex parte Hamper*, 17 *Vesey*, 404, *Lord Elden* expressed his regret, that such a distinction had ever taken place. And this has been applied to a case where the agent, who was to have the profits of the sale, united with the principal also in the purchase of the goods. *Hesketh* v. *Blanchard*, 4 *East*, 144. In *Rice* v. *Austin*, 17 *Mass. R.* 197, the parties were to share the profits equally, but they were held not to be partners.

*Waugh* v. *Carver*, 2 *H. Black.* 235 is a leading case, as to the liability of persons, so circumstanced, to third persons as partners. The *Carvers* and one *Giesler* were to assist in procuring agencies for each other, as commission merchants, in regard to which business, thus procured they were to share each other's profits, in certain proportions. *Eyre C. J.* says, " it is plain, upon the construction of the agreement, if it be construed only between the *Carvers* and *Giesler*, that they were not, nor ever meant to be partners," yet, as they shared in each other's profits, they were liable as partners to third persons. Most of the cases, upon which the defendant relies, turn upon this distinction, which is perfectly well established, and is entirely consistent with the fact, that as between the parties themselves, no partnership exists.

If the plaintiff and *Lawrence* were not partners between themselves of which we are well satisfied, *Simpson*, the attaching creditor, who had a demand against *Lawrence*, entirely unconnected with their business, has no claim to treat them as partners for his benefit. He gave no credit to them as such. The goods did not belong to his debtor. They were originally the property of the plaintiff, and so continued up to the time of the attachment. Nor has he done any thing, which should implicate his property, in any liability, arising from the private dealings between *Lawrence* and *Simpson.*

In our judgment, the instructions of the presiding Judge, having reference to the facts in this case, are not liable to any legal objection. *Judgment on the verdict.*